IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRANSPERFECT GLOBAL, INC., | § | |
| Respondent Below, | § | |
| Appellant, | § | No. 397, 2023 |
| | § | |
| v. | § | Court Below—Court of Chancery |
| | § | of the State of Delaware |
| | § | C.A. Nos. 9700 and 10449 |
| ROBERT PINCUS, | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted:  October 24, 2023
Decided:    October 26, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the notice of interlocutory appeal, the supplemental notice of interlocutory appeal, the exhibits, and the motion for enlargement of time, it appears to the Court that:

(1)    We assume the reader's familiarity with the lengthy litigation history of the underlying cases.[1]  On September 15, 2023, the appellant, TransPerfect Global, Inc., filed an appeal from the Court of Chancery's August 7, 2023 letter decision ("August 7, 2023 Decision") and August 16, 2023 implementing order ("August 16, 2023 Order") resolving TransPerfect's objections to the fee petitions

---

[1] *TransPerfect Global, Inc. v. Pincus*, 278 A.3d 630 (Del. 2022); *TransPerfect Global, Inc. v. Pincus*, 2019 WL 7369433 (Del. Dec. 31, 2019); *Shawe v. Elting*, 157 A.3d 152 (Del. 2017).

filed by the appellee, Robert Pincus ("Former Custodian"), for legal expenses that he incurred between January 2021 and March 2023 ("Appeal No. 335, 2023"). The Court of Chancery overruled most of TransPerfect's objections and ordered payments in the aggregate amount of approximately $5 million.

(2)     At the time TransPerfect filed Appeal No. 335, 2023, its motion for reargument and clarification of the August 16, 2023 Order was pending in the Court of Chancery. Briefing on TransPerfect's objections to the Former Custodian's petition for fees and expenses incurred between April 2023 and June 2023 was also underway in the Court of Chancery. On September 22, 2023, the Court of Chancery denied TransPerfect's motion for reargument ("September 22, 2023 Decision").

(3)     On October 20, 2023, this Court dismissed Appeal No. 335, 2023 based on TransPerfect's failure to comply with Supreme Court Rule 42 in taking an appeal from an interlocutory order.[2] We rejected TransPerfect's reliance on the collateral-

---

[2] *TransPerfect Global, Inc. v. Pincus*, 2023 WL 6991983 (Del. Oct. 20, 2023). The Court acknowledged that TransPerfect had filed an application for certification under Rule 42 in the Court of Chancery, but noted that the application was untimely. *Id.* at *2 n.9. *See also* Supr. Ct. R. 11(a) ("When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and other legal holidays shall be excluded in the computation."); Supr. Ct. R. 42(a) ("All time periods under this rule should be calculated under Supreme Court Rule 11."); Supr. Ct. R. 42(c)(i) ("Such application [for certification] shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown.").

order doctrine, observing that piecemeal appeals of TransPerfect's objections to the Former Custodian's legal expenses would be a waste of scarce judicial resources.[3]

(4) Hours after the dismissal of Appeal No. 335, 2023 TransPerfect filed this interlocutory appeal from the August 7, 2023 Decision, August 16, 2023 Order, and September 22, 2023 Decision. On October 23, 2023, the Court of Chancery denied TransPerfect's application for certification because it was not filed within ten days of the September 22, 2023 Decision. The court recognized that Rule 42(c)(i) permits enlargement of the ten-day time period for good cause, but noted that TransPerfect had not argued good cause, and found that there was no good cause for enlargement of the ten-day time period. Shortly after the Court of Chancery denied TransPerfect's application for certification, TransPerfect filed a motion for enlargement of time to file the application. The Court of Chancery denied the motion.

(5) On October 24, 2023, TransPerfect filed a notice of supplemental interlocutory appeal with the Court of Chancery's denial of its application for certification. TransPerfect also filed a motion for enlargement of time to file its application for certification of an interlocutory appeal under Rule 11(b).

---

[3] *Id.* at *2.

(6)     It is unnecessary to address TransPerfect's motion for enlargement of time.  Even assuming TransPerfect had filed a timely application for certification of an interlocutory appeal and the Court of Chancery had granted that application, we would not exercise our discretion to hear this interlocutory appeal because TransPerfect's application for interlocutory review does not meet the strict standards for certification under Rule 42(b).  The Rule 42(b)(iii) criteria do not weigh in favor of interlocutory review and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.  The filing fee paid by TransPerfect shall be applied to any future appeal it files from an interlocutory appeal that is certified by the Court of Chancery or a final order entered in the case.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

4